UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALI NICOLE PLETT,

 Plaintiff,

v.

SECURITAS SECURITY SERVICES USA, INC.,

 Defendant.

Case No. 25-1047-TC-BGS

## REPORT & RECOMMENDATION OF DISMISSAL

On March 25, 2025, Plaintiff Ali Nicole Plett, then represented by counsel, filed her Complaint alleging Defendant committed retaliation, sex discrimination, sexual orientation discrimination, race discrimination, and color discrimination, all in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1.) Defendant was promptly served with process and filed its Answer on April 23, 2025. (Doc. 6.) Following a Scheduling Conference, a Scheduling Order was entered on June 5, 2025, setting relevant deadlines for this litigation. (Doc. 14.)

On July 2, 2025, Plaintiff's then-attorney filed a motion to withdraw as counsel. (Doc. 17.) Therein, Plaintiff's counsel stated that good cause to withdraw existed under Rule 1.16 of the Model Rules of Professional Conduct, "but Counsel cannot elaborate on those reasons without violating Rule 1.6 of the Model Rules of Professional Conduct." (*Id.*, at 1.) The Motion was ultimately granted as unopposed on August 5, 2025. (Doc. 22.)

In the Order granting the motion to withdraw, the Court noted that withdrawing counsel provided Plaintiff with: (i) an admonition that Plaintiff is personally responsible for compliance with all Orders of the Court and relevant time limitations; and (ii) the dates of any pending trial, hearings, conferences, and deadlines. (*See* Doc. 17, Doc. 22.) The Court noted that it was supplied with *pro se* Plaintiff's current mailing address and telephone number. Affidavits submitted by withdrawing

1

counsel establish that the Motion to Withdraw was served on Plaintiff by email and certified mail on July 2, 2025, and indicate that Plaintiff acknowledged receipt of the Motion by electronic mail to withdrawing counsel. (Doc. 21, at 1.)

Thereafter, the Court set this case for a telephone status conference to occur on September 9, 2025. (*See* Doc. 23, 8/5/25 text notice.) The notice indicated the purpose of the status conference was to "to determine whether Plaintiff intends to retain counsel, to discuss the status of any outstanding discovery requests, and to discuss the case schedule going forward." (*Id.*) It was mailed to Plaintiff by staff for the undersigned Magistrate Judge. (*Id.*; see also 8/5/25 notice of *pro se* mailing.)

When the Court convened the telephone status conference on September 9, 2025, Plaintiff did not call in. Staff for the undersigned made several attempts to call the *pro se* Plaintiff at the telephone number provided by her former counsel, but the *pro se* Plaintiff did not answer the Court's telephone calls. Defense counsel indicated to the Court that he has had no contact with *pro se* Plaintiff since her prior counsel's motion to withdraw was granted.

On September 10, 2025, the undersigned Magistrate Judge issued a Show Cause Order directing Plaintiff to respond in writing by October 13, 2025, to explain why the undersigned should not recommend that the District Judge dismiss this action for failure to participate or prosecute pursuant to Fed. R. Civ. P. 41(b). (Doc. 25.) The Show Cause Order was sent to Plaintiff by certified mail. (9/11/25 notice of *pro se* mailing.) On September 23, 2025, the certified mailing was returned to the Court as undelivered and marked "vacant unable to forward." (Doc. 26.)

District of Kansas Local Rule 5.1(b)(3) requires a *pro se* party to "notify the clerk in writing of any change of address." D. Kan. R. 5.1(c)(3); *see also Collinge v. Bellendir*, No. 24-3096-JWL, 2024 3989089, n.2 (D. Kan. Aug. 29, 2024). Under this Rule, "it is Plaintiff's obligation to keep his

contact information current." *Hulett v. Johnson Co. Sheriff's Office*, No. 22-4065-DDC-BGS, 23-1023-EFM-KGG, 2023 WL 6390481, *1 (D. Kan. Oct. 2, 2023).

Pursuant to Federal Rule of Civil Procedure 41(b), a District Court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure ... to comply with the ... court's orders"). Because of Plaintiff's failure to prosecute her case and comply with this Court's orders and local rule, the undersigned Magistrate **recommends** to the District Court that this matter be **DISMISSED** under Rule 41(b).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this Report and Recommendation within fourteen days after being served with a copy.[1] If Plaintiff fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS SO RECOMMENDED.**

Dated October 16, 2025, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge

---

[1] The Court notes that it has no choice but to mail this recommendation to Plaintiff at the address she has on file with the Court which is apparently deficient as the prior mailing to that address has been returned as undeliverable, as stated above.