**In the United States District Court
for the District of Kansas**

———————

Case No. 25-cv-01047-TC-BGS

———————

Ali Nicole Plett,

*Plaintiff*

v.

Securitas Security Services USA, Inc.,

*Defendant*

———————

**ORDER**

Ali Nicole Plett sued Securitas Security Services USA, Inc., alleging employment discrimination and retaliation. Doc. 1. After her counsel was allowed to withdraw and a telephone status conference was scheduled to address discovery and case management issues, Plett, who appears to be proceeding pro se, failed to appear for the telephone status conference. Doc. 24. Magistrate Judge Severson then ordered Plett to show cause why her claims against Securitas Security Services should not be dismissed for failure to participate or prosecute. Doc. 25. Plett made no response to that order. *See* Doc. 26 (reflecting that orders were unable to be delivered to the address provided by Plett's withdrawing counsel); Doc. 28 (same). Judge Severson now recommends that Plett's claims against Securitas Security Services be dismissed for failure to prosecute. Doc. 27.

When a magistrate judge issues a report and recommendation on a dispositive pretrial matter, a party objecting to the recommendation must "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district judge must then

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the

1

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). This means that objections to a magistrate judge's recommended disposition must be "both timely and specific to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be timely, the objection must be made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). Objections are sufficiently specific if they "focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Prop.*, 73 F.3d at 1060. Where a party fails to make a proper objection, a district court may review the recommendation under any standard it deems appropriate, even for clear error. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1125 (D. Colo. 2019).

Plett has not filed a timely objection. After reviewing Judge Severson's Report and Recommendation, there appears no clear error. Accordingly, the Report and Recommendation, Doc. 27, is adopted in full and Plett's claims are DISMISSED.

It is so ordered.

Date: November 4, 2025          s/ Toby Crouse
                                Toby Crouse
                                United States District Judge